**ORDERED.**

**Dated: March 05, 2025**

_____
Grace E. Robson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re ) | |
| ) | |
| Samuel Swan and Chong Swan, ) | Case No. 6:25-bk-00635-GER |
| ) | Chapter 7 |
| Debtors. ) | |
| ) | |

## ORDER SETTING HEARING

THIS CASE came before the Court upon the *Declaration of Next Friend* (the "Declaration") (Doc. No. 12), which the Court construes as a request to appoint next friend to allow Debtor Samuel Swan ("Mr. Swan"), the holder of a power of attorney for Debtor Chong Swan ("Ms. Swan"),[1] as next friend of Ms. Swan. The Court finds it appropriate to set a hearing on the Declaration and provide an opportunity to cure the deficiencies noted below (the "Deficiencies").

*First*, the Declaration was not served in accordance with Local Rule 1004-1.1(b)(1). Local Rule 1004-1.1(b)(1) provides that a declaration should be served "on the debtor, all creditors, the U.S. Trustee, any governmental entity from which the debtor is receiving funds, and the debtor's closest relative, if known." Here, the Declaration was not served upon all creditors nor the governmental entity from which Ms. Swan is receiving funds.

---

[1] Collectively, Mr. Swan and Ms. Swan are referred to as "Debtors."

*Second*, the Declaration attaches a copy of the *Durable Power of Attorney* (the "POA") but omits pages 5 and 6 of the POA.[2]

*Finally*, Local Rule 1004-1.1(b)(3)(A) provides that if appointment of a guardian ad litem or next friend is sought for an incompetent person, then "a letter from the debtor's physician regarding the debtor's ability to conduct the debtor's own financial affairs" shall accompany a declaration.[3] No letter from a physician was attached to the Declaration or filed under seal.

The Court, having reviewed the Declaration and the record, it is

**ORDERED**:

1. A hearing on the Declaration (Doc. No. 12) is scheduled for **April 22, 2025 at 10:30 a.m.** (the "Hearing") at the George C. Young Federal Courthouse, 400 West Washington Street, Sixth Floor, Courtroom D, Orlando, Florida 32801.

2. Mr. Swan and/or Debtors' counsel shall correct the Deficiencies noted above prior to the Hearing.

# # #

Attorney Stephen J. Biggie is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and file a proof of service within 3 days of entry of the Order.

---

[2] The Court notes that the Declaration provides that the POA "expressly authorizes the filing of a bankruptcy petition"; however, nothing on the pages of the POA attached to the Declaration appears to provide as such.

[3] Pursuant to Local Rule 1004-1.1(b)(3)(A), the letter may be filed under seal as set forth in Local Rule 5005-4.